**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | | | |
|---|---|---|---|
| Civil Action No: | 12-cv-02797-REB-KMT | Date: | September 30, 2013 |
| Courtroom Deputy: | Courtni Covington | FTR: | Courtroom C-201 |

| | |
|---|---|
| NANCY NEWMAN, and<br>JOHN NEWMAN, | Robert D. Wilhite, III<br>Sandra L. Hagen |
| Plaintiffs, | |
| v. | |
| MICHAEL D. HARLAN, and<br>JL SMITH TRUCKING COMPANY, | Jennifer L. White<br>Craig W. Cain |
| Defendants. | |

## COURTROOM MINUTES

**1:33 p.m.**     **Court in session.**

Court calls case.  Appearances of counsel.

This matter is before the court as to **Defendants' Motion for Protective Order** [Doc. No. 36], **Defendants' Motion to Compel Releases and/or Records** [Doc. No. 45], and **Plaintiff's Motion to Compel** [Doc. No. 51].

Discussion between the court and counsel for Plaintiff regarding the Defendants admitting fault and liability, Plaintiffs' damages, and the relevance of the documents Plaintiffs are requesting in their Motion to Compel.  The court notes the facts surrounding the accident are only relevant to the issue of causation.

Counsel for Defendant states they have produced all records in their possession and note they do not believe certain documents are relevant to the case.

**ORDERED:**     To the extent the "route tracker" (described as a physical object which was in the truck involved in the accident but was later removed by Defendant Harlan on instructions from Defendant JL Smith) still exists, Defendants shall make it available to Plaintiffs and/or Plaintiffs' expert(s) for review.

The court finds the "accident register" (a report to the government of every accident in which JL Smith truck drivers have been involved) is irrelevant except to the extent that Defendant JL Smith has submitted a form describing the accident at issue in this case.  The form which JL Smith may have submitted to the government, Defendants shall produce a copy of the form on or before October 10, 2013.

To the extent any alcohol or substance testing was administered to Defendant Harlan at any time within 12 hours of the accident exists, Defendants must the results of such test to Plaintiffs to the extent it is in their possession.  If such a test was administered but Defendants do not have a copy of the test results, the Defendants shall inform Plaintiffs where the test was administered and by whom.

To the extent not previously produced, Defendants shall produce all documents connected with the "Loss of Cargo" insurance claim filed as a result of the accident at issue in this case on or before October 10, 2013 or list such document in a privilege log if applicable.

**ORDERED:** **Defendants' Motion for Protective Order** [Doc. No. 36, filed 7/30/2013] is **GRANTED in part** and **DENIED in part** as set forth more fully during the hearing.

**ORDERED:** **Plaintiff's Motion to Compel** [Doc. No. 51, filed 8/20/2013] is **GRANTED in part** and **DENIED in part** as set forth more fully during the hearing.

Discussion and argument regarding **Defendants' Motion to Compel Releases and/or Records**

Counsel for Plaintiffs states he has turned over all medical documents that are in his possession, but he has not received all records that have been requested.  Discussion between the court and counsel regarding the amount of documents being requested, their relevance, and giving Defendants authorization for medical releases.

Discussion between the court and counsel for Defendants regarding the medical, employment, and social security records being requested in their Motion to Compel.

The court makes findings regarding the relevance of the records being sought by Defendants.

**ORDERED**: **Defendants' Motion to Compel Releases and/or Records** [Doc. No. 45, filed 8/8/2013] is **GRANTED in part** and **DENIED in part**.

>Defendants may seek Plaintiff Nancy Newman's employment records for a period five years preceding the accident to date.
>
>Defendants shall review their index of documents being requested and create medical releases for any records not yet provided by Defendants. Those releases shall be submitted to Plaintiffs **on October 2, 2013**. Counsel forPlaintiffs shall review the list and make a determination related to any objections ; without objection, the releases must be signed and submitted back to Defendants no later than **October 10, 2013.**
>
>Defendants may seek medical records going back an indefinite time period if the records are directly related to Plaintiffs' claimed injuries from the accident. If records being sought are not directly related to the injuries allegedly sustained, but are otherwise relevant, for instance to alleged symptoms, Defendants may seek records going back five years prior to the date of the accident to date.
>
>The records being sought shall be returnable to a court reporter of Defendants' choosing. The court reporter shall "Bates" stamp the records, report the Bates number range to the Defendant and then shall submit the documents to the plaintiffs. Plaintiffs shall have seven calendar days to turn copies of the records over to Defendants or include documents on a privilege log, if appropriate. The court will leave up to the parties whether the court reporter shall make and retain copies to turn over to the Defendants should Plaintiffs not comply with the procedure after the seven day period.

Discussion regarding extending the discovery deadlines to accommodate the amount of volume and delay related to records being requested and produced.

The court notes the Trial Prepartion Conference and Trial dates are set by District Judge Blackburn but will issue a Recommendation in light of the discovery issues to reset those dates and extend discovery.

**ORDERED:** The court **RECOMMENDS** District Judge Blackburn adopt the following discovery deadlines and vacate the currently scheduled trial to be reset on a date convenient to the District Judge's calendar no sooner than August 2014.

Upon Judge Blackburn's granting of the Recommendation to vacate the trial setting, the following deadlines will be applicable:

>The rebuttal expert deadline shall be extended to **January 7, 2014.**

          The discovery deadline shall be extended to **March 21, 2014.**

          The dispositive motion deadline shall be extended to **April 21, 2014.**

Pending ruling by Judge Blackburn on the recommendation of this court, **only** the following revised deadlines shall be applicable:

**ORDERED:**      The expert rebuttal deadline is extended to **November 7, 2013.**

          The discovery cut-off deadline is extended to **November 15, 2013.**

Defendants orally move to reopen the depositions of Plaintiffs. Plaintiffs state their objections.

**ORDERED:**      Defense counsel's oral Motion to Reopen the Depositions of Plaintiffs is **DENIED**, with leave to renew the motion if new information is found in the records which Defendants believe justifies reopening of the depositions. Normal requirements for conferral shall apply.

The court instructs counsel regarding any future discovery disputes and the procedure that should be followed. Both parties shall place a conference call to chambers to request an informal hearing expedited hearing with the court.

**2:49 p.m.**      **Court in recess.**

Hearing concluded.
Total in-court time    01:16

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.